# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

VICTOR SMITH,

        Plaintiff,

v.                                    No. 1:19-cv-00741-JAP-SMV

UNIVERSITY OF NEW MEXICO, et al.,

        Defendants.

## **MEMORANDUM OPINION AND ORDER OF DISMISSAL**

The Court has considered Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 12, 2019 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc.4, filed August 27, 2019 ("Application").

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give

security for costs...." *See Adkins* v. E.I. *DuPont* de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings and stated: (i) his monthly income is $800.00; (ii) his monthly expenses total $1,000.00; and (iii) he is not employed. The Court will grant Plaintiff's Application to proceed *in forma pauperis* because Plaintiff is unemployed and his monthly expenses exceed his low monthly income.

**Dismissal of the Case**

Plaintiff alleges the following facts:

When [Defendant U.N.M. Police Officer] Patricia Young approached me on May 31, 2017 in the Health and Science Center she said to me I want to get rid of you kind of people and pointed her finger at me when she said it. I was the only Afro-American in the entire lobby at this time.
. . . .
On March 1, 2018 [Defendant U.N.M. Police Officer] Mary Anne Wallace presented and gave me a copy from the dean of students falsely and literally incorrectly of charging me #2.1 & 2.17 accusing me of actions physically harming the person and/or the property of others . . . or which cause reasonable apprehension of physical harm.
. . . .
On March 1, 2018 Mesa Vista Hall Room 1160 (MSC[illegible] 3910) Ap[p]rox. 1:00 pm UNM P.D. Officer [Defendant] Patricia Young and especially [Defendant] Mary Ann Wallace acted and engage in actions against the criminal code. Intentionally targeting someone with a behavior that is meant to alarm annoy to torment and terrorize.
. . . .
On March 1, 2018 on the University of New Main Campus at the Women's Resource Center Room 1160, four UNMPD Police Officer two male and the two female were [Defendants] Patricia Young and Mary Ann Wallace. I [Plaintiff] Victor Smith was totally alone in the computer pod. Mary Ann Wallace indicated and incorrect and falsely accused me of incorrect claims in violation of the 5th Amendment #5 "No person shall be held to answer for a crime without dye process of law!["] Amendment #8 "Nor cruel and unusual punishment inflicted."

> Amendment #14 "Nor deny any person within its jurisdiction the equal protections of laws."

Complaint at 2-3, 5. There are no factual allegations regarding Defendants Tim May, Nasha Torrez, or Caitlin Henke. Plaintiff seeks the following relief: (i) "to be readmitted to the University of New Mexico Main Campus to further and complete my education;" (ii) "to have all of those incorrect charges entirely dismissed;" and (iii) "monetary financial compensation." Complaint at 6.

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." The form instructs Plaintiff to "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved." Complaint at 3. Where the form prompts Plaintiff to state the "Supporting Facts" for Count II, Plaintiff wrote "See Attachments." Complaint at 3. Because there were no attachments filed with the Complaint, the Court ordered Plaintiff file a supplement to his Complaint stating the supporting facts for Count II and notified Plaintiff that failure to timely file a supplement may result in dismissal of this case. Plaintiff did not file a supplement to his Complaint by the September 20, 2019, deadline.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The few factual allegations regarding Defendants University of New Mexico, University of New Mexico Police Department, Young, and Wallace do not state a violation of a right secured by the Constitution and laws of the

3

United States. *See Hogan v. Winder*, 762 F.3d 1096, 1112 (10th Cir. 2014) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("Under 42 U.S.C. § 1983, 'a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.'"). There are no factual allegations regarding Defendants May, Torrez, and Henke. Perhaps there are sufficient allegations to state a claim in the attachments that Plaintiff referred to in the Complaint, but Plaintiff has not supplied the attachments despite being ordered to do so.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Because Plaintiff failed to state a claim, and because Plaintiff failed to supplement the Complaint after the Court ordered him to do so, the Court will dismiss this case.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc.4, filed August 27, 2019
, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
SENIOR UNITED STATES DISTRICT JUDGE